**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
CLARENCE WALLACE,                 :
                                  :    Civil Action No. 09-5644 (MLC)
               Plaintiff,         :
                                  :       MEMORANDUM OPINION
          v.                      :
                                  :
GEORGE W. HAYMAN, et al.,         :
                                  :
               Defendants.        :
_____:
```

**APPEARANCES:**

Clarence Wallace, Plaintiff pro se
New Jersey State Prison, P.O. Box 861, Trenton, New Jersey

**COOPER**, District Judge

Plaintiff, Clarence Wallace, a prisoner confined at New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant the application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.  BACKGROUND

The following factual allegations are from the Complaint and accepted as true for purposes of this review.  Plaintiff alleges that on September 10, 2007, he suffered an anxiety attack and that Defendants Sgt. Patterson and Officer Sahid took him to the medical department, where they proceeded to threaten him.  He alleges that later, when returning him to his cell, Sgt. Patterson beat him, inflicting injuries that continue to cause him pain.

Plaintiff alleges that he pursued the grievance procedure to obtain relief related to the events of September 10, 2007, but that certain defendants either failed to respond to his grievances or responded in a manner that he deemed "unsatisfactory."

Plaintiff names as defendants Sgt. Patterson, Officer Sahid, Commissioner George W. Hayman, Lydell Sherrer (of the Division of Operations), Administrator Michelle Ricci, Captain R. Ortiz, and Assistant Ombudsman Karen Boyd.  He seeks compensatory and punitive damages as well as injunctive relief.

## II.  STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions where prisoner seeks redress from governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought as to prison conditions).

The Court must construe the sufficiency of a <u>pro</u> <u>se</u> complaint liberally in the plaintiff's favor.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint also must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, <u>see</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)

(citations omitted).

In the context of a § 1983 civil rights action, the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

Twombly so narrowly as to limit its holding on plausibility to

the antitrust context").

> Context matters in notice pleading.  Fair notice under
> Rule 8(a)(2) depends on the type of case -- some
> complaints will require at least some factual
> allegations to make out a "showing that the pleader is
> entitled to relief, in order to give the defendant fair
> notice of what the ... claim is and the grounds upon
> which it rests."  Indeed, taking Twombly and the
> Court's contemporaneous opinion in Erickson v. Pardus,
> 127 S.Ct. 2197 (2007), together, we understand the
> Court to instruct that a situation may arise where, at
> some point, the factual detail in a complaint is so
> undeveloped that it does not provide a defendant the
> type of notice of claim which is contemplated by
> Rule 8.  Put another way, in light of Twombly, Rule
> 8(a)(2) requires a "showing" rather than a blanket
> assertion of an entitlement to relief.  We caution that
> without some factual allegation in the complaint, a
> claimant cannot satisfy the requirement that he or she
> provide not only "fair notice," but also the "grounds"
> on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

When assessing any civil complaint's sufficiency, a court

must distinguish factual contentions -- which allege behavior on

the defendant's part that, if true, would satisfy one or more

elements of the claim asserted -- and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009). Although the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." <u>Id.</u>

> Therefore, after <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

### III.  SECTION 1983 ACTIONS

To state a claim for relief under § 1983, a plaintiff must allege (1) the violation of a right secured by the Constitution

or laws of the United States, and (2) that the alleged
deprivation was committed or caused by a person acting under
color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988);
Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under
§ 1983 solely on a theory of respondeat superior.  See City of
Okla. City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v.
N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694 (1978)
(municipal liability attaches only "when execution of a
government's policy or custom, whether made by its lawmakers or
by those whose edicts or acts may fairly be said to represent
official policy, inflicts the injury" complained of); Natale v.
Camden County Corr. Fac., 318 F.3d 575, 583-84 (3d Cir. 2003).  "A
defendant in a civil rights action must have personal involvement
in the alleged wrongs, liability cannot be predicated solely on
the operation of respondeat superior.  Personal involvement can
be shown through allegations of personal direction or of actual
knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d
1195, 1207 (3d Cir. 1988) (citations omitted); accord Robinson v.
City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker
v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

### IV.  ANALYSIS

### A.  Claims Related to the Events of September 10, 2007

Plaintiff alleges that Defendants Sgt. Patterson and Officer
Sahid violated his Eighth and Fourteenth Amendment rights by the

threats and beatings on September 10, 2007.  Plaintiff also
alleges that certain other defendants had a duty to prevent such
injuries or are otherwise "responsible" for the injuries
inflicted by Defendants Sgt. Patterson and Officer Sahid.  These
claims appear to be time-barred.

A court may dismiss a complaint where "the time alleged in
the statement of a claim shows that the cause of action has not
been brought within the statute of limitations."  Bethel v.
Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978).  The
statute of limitations is an affirmative defense that may be
waived by a defendant, but it is appropriate to dismiss sua sponte
under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim that is
apparently untimely from the face of the complaint.  See, e.g.,
Jones v. Bock, 549 U.S. 199, 214-15 (2007) (if allegations of
complaint, "for example, show that relief is barred by the
applicable statute of limitations, the complaint is subject to
dismissal for failure to state a claim"); see also Pino v. Ryan,
49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in
forma pauperis provisions, sua sponte dismissal before service of
untimely claim is appropriate since such claim "is based on an
indisputably meritless legal theory"); Hunterson v. DiSabato, 244
Fed.Appx. 455 (3d Cir. 2007) ("district court may sua sponte
dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where
it is apparent from the complaint that the applicable limitations

period has run"); <u>Johnstone v. United States</u>, 980 F.Supp. 148
(E.D. Pa. 1997) (applying <u>Pino</u> to current § 1915(e)).  The
requirements of 28 U.S.C. § 1915A (governing civil actions in
which a prisoner seeks redress from a governmental entity or its
officer or employee) and 42 U.S.C. § 1997e (governing actions
brought with respect to prison conditions) that federal courts
review and dismiss any complaint that fails to state a claim
parallel the provision in 28 U.S.C. § 1915(e).

A claim accrues as soon as the injured party "knew or had
reason to know of the injury that constitutes the basis of his
action." <u>Sandutch v. Muroski</u>, 684 F.2d 252, 254 (3d Cir. 1982);
<u>see also</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d
1380, 1385 (3d Cir. 1994).  "Plaintiff's actual knowledge is
irrelevant.  Rather, the question is whether the knowledge was
known, or through reasonable diligence, knowable.  Moreover, the
claim accrues upon knowledge of the actual injury, not that the
injury constitutes a legal wrong." <u>Fassnacht v. United States</u>,
1996 WL 41621 (E.D. Pa. Feb. 2, 1996).

Civil rights claims are characterized as personal injury
actions and are governed by the applicable state's statute of
limitations for personal injury actions.  See <u>Wilson v. Garcia</u>,
471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year
limitations period on personal injury actions, N.J.S.A. § 2A:14-
2, governs Plaintiff's claims.  See <u>Montgomery v. DeSimone</u>, 159

8

F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Twp.
Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J.S.A. §
2A:14-2, an action for an injury to the person caused by a
wrongful act, neglect, or default must be commenced within two
years of accrual of the cause of action.  Cito, 892 F.2d at 25;
accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

Unless their full application would defeat the goals of the
federal statute at issue, courts should not unravel states'
interrelated limitations provisions regarding tolling, revival,
and questions of application.  Wilson v. Garcia, 471 U.S. at 269.

New Jersey statutes set forth certain bases for "statutory
tolling."  See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling
because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing
tolling because of nonresidency of persons liable).  New Jersey
law permits "equitable tolling" where "the complainant has been
induced or tricked by his adversary's misconduct into allowing
the filing deadline to pass," or where a plaintiff has "in some
extraordinary way" been prevented from asserting rights, or where
a plaintiff has timely asserted rights mistakenly either by
defective pleading or in the wrong forum.  See Freeman v. State,
347 N.J.Super. 11, 31, certif. denied, 172 N.J. 178 (2002).
"However, absent a showing of intentional inducement or trickery
by a defendant, the doctrine of equitable tolling should be
applied sparingly and only in the rare situation where it is

9

demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:

> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

According to the allegations here, the claims arising out of the events of September 10, 2007, against all defendants, accrued on that same date, more than two years before Plaintiff signed his Complaint on October 20, 2009.[1,2]  Plaintiff alleges no facts or

_____

[1] This is Plaintiff's second action related to the events of September 10, 2007. See Wallace v. State of New Jersey, D.N.J. No. 09-3798. Plaintiff initiated Civil Action No. 09-3798 by filing an affidavit. The affidavit failed to name any defendants or seek any relief. More specifically, the affidavit stated "This complaint warrants Civil Litigation but Inmate plans to continue the remedy process". (Aff. at ¶ 47.) The affidavit also was not accompanied by either payment of the filing fee or submission of an application for leave to proceed in forma pauperis. On August 7, 2009, the Court entered the Opinion and Order administratively terminating Civil Action No. 09-3798, granting Plaintiff leave to move to reopen it within 30 days thereafter, by submitting a complaint naming defendants and stating the relief requested and by satisfying the filing fee requirement. That 30-day limit would have fallen within the two-year limitations period. But Plaintiff failed to move to reopen within that time period and

extraordinary circumstances that would permit statutory or
equitable tolling under either New Jersey or federal law.  Thus,
the claims against all defendants appear to be time-barred.[3]

Plaintiff will be ordered to show cause why all claims
arising out of the events of September 10, 2007, should not be
dismissed with prejudice as time-barred.

**B.   Failure to Protect Claims**

Plaintiff also alleges that certain Defendants failed in
their duty to "safeguard" him or otherwise failed to protect him,
presumably from the threats and beating he suffered on September
10, 2007.  Even if these claims were not time-barred, they would
be dismissible with prejudice for failure to state a claim.

Under the Eighth Amendment, prison officials have a duty to
provide humane conditions of confinement, including adequate

---

instead filed this new action, outside the limitations period.
As Plaintiff named no defendants in Civil Action No. 09-3798, and
failed to move to reopen that action timely, he cannot obtain any
benefit from submitting that affidavit within the two-year
limitations period.

[2] Although Plaintiff signed the Complaint on October 20,
2009, he did not sign the Application for leave to proceed in
forma pauperis until October 23, 2009, so he could not have
placed the Complaint in the mail until at least October 23, 2009.

[3] In addition to the claims against Sgt. Patterson and
Officer Sahid, who Plaintiff alleges were personally involved in
threatening and beating him, Plaintiff alleges that other
administrative officials were "responsible" for the operations of
the prison and were, thus, liable.  Plaintiff does not allege
that any of the administrative or supervisory officials had any
personal involvement in the September 10, 2007, incident.  These
are claims of vicarious liability, not tenable under § 1983.

food, clothing, shelter, medical care, and personal safety.
Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan,
960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials
must take reasonable measures "to protect prisoners from violence
at the hands of other [persons]."  Farmer, 511 U.S. at 833 (1994)
(internal quotations omitted).  "Being violently assaulted in
prison is simply 'not part of the penalty that criminal offenders
pay for their offenses against society.'"  Id. at 834 (quoting
Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth
Amendment, an inmate must satisfy both the objective and
subjective components of such a claim.  The inmate must allege a
deprivation which was "sufficiently serious," and that in their
actions or omissions, prison officials exhibited "deliberate
indifference" to the inmate's health or safety.  See Farmer, 511
U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v.
Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

For a failure-to-protect claim, the inmate must show that he
is "incarcerated under conditions posing a substantial risk of
harm," Farmer, 511 U.S. at 833, and that prison officials knew of
and disregarded the excessive risk to inmate safety.  Id. at 837.
"A pervasive risk of harm may not ordinarily be shown by pointing
to a single incident or isolated incidents, but it may be
established by much less than proof of a reign of violence and

12

terror." <u>Riley v. Jeffes</u>, 777 F.2d 143, 147 (3d Cir. 1985).
"Whether ... prison official[s] had the requisite knowledge of a
substantial risk is a question of fact subject to demonstration in
the usual ways, including inference from circumstantial evidence,
and a fact finder may conclude that ... prison official[s] knew
of a substantial risk from the very fact that the risk was
obvious." <u>Farmer</u>, 511 U.S. at 842.  Deliberate indifference is
more than a mere lack of ordinary due care, however; it is a
state of mind equivalent to a reckless disregard of a known risk
of harm.  <u>Id.</u> at 834.

        Applying <u>Farmer</u> here, the first question is whether
Plaintiff has alleged facts showing that inmates, or Plaintiff in
particular, faced a substantial risk of assault from these
corrections officers.  The second question is whether Plaintiff
has alleged facts from which it could be inferred that
supervisory defendants were aware of and disregarded that risk.
He has alleges neither.

        Plaintiff does not allege facts suggesting that Defendants
were informed of a specific risk of harm to himself or other
inmates, <u>Nami</u>, 82 F.3d at 67-68; <u>Young</u>, 960 F.2d at 362, or that
"a substantial risk of inmate attacks was longstanding,
pervasive, well-documented" or otherwise obvious to them.
<u>Farmer</u>, 511 U.S. at 842; <u>accord</u> <u>Hamilton v. Leavy</u>, 117 F.3d 742,
747-48 (3d Cir. 1997); <u>Ingalls v. Florio</u>, 968 F.Supp. 193, 199-

13

200 (D.N.J. 1997).  Even if certain defendants failed to exercise due care in failing to prevent the alleged assault, such negligence is insufficient to establish a violation of the Eighth Amendment.  <u>Davidson v. Cannon</u>, 474 U.S. 344, 345-48 (1986) (finding prison officials' negligent failure to heed prisoner's notification of threats from another inmate, followed by an assault, is not deprivation of constitutional rights); <u>see also</u> <u>Schwartz v. County of Montgomery</u>, 843 F.Supp. 962 (E.D. Pa.), <u>aff'd</u>, 37 F.3d 1488 (3d Cir. 1994) (stating corrections officers' failure to observe institutional policies regarding supervision of dangerous inmates constitutes negligence, which cannot support § 1983 action for violation of Eighth or Fourteenth Amendments).  Because negligence is not actionable under § 1983 as a constitutional violation, Plaintiffs failure-to-protect claim will be dismissed for failure to state a claim.

To the extent that Plaintiff's allegations can be construed as an attempt to state a claim for failure to supervise or train, the allegations are similarly deficient.  Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," <u>City of Canton</u>, 489 U.S. at 390, and that failure to train "actually causes injury," a supervisor may be held liable  <u>Id.</u> In addition, in resolving the issue of supervisory liability,

14

> the focus must be on adequacy of the training program
> in relation to the tasks the particular officers must
> perform.  That a particular officer may be
> unsatisfactorily trained will not alone suffice to
> fasten liability on the [supervisor], for the officer's
> shortcomings may have resulted from factors other than
> a faulty training program.  ...  Neither will it
> suffice to prove that an injury or accident could have
> been avoided if an officer had had better or more
> training ... .  Moreover, for liability to attach ...
> the identified deficiency in a city's training program
> must be closely related to the ultimate injury.

Id. at 390-91.  Plaintiff alleges nothing more than that one or two particular corrections officers caused him an injury, plainly an insufficient allegation upon which to base liability for failure to train or supervise.  Accordingly, Plaintiff's failure to train/supervise claim must be dismissed for failure to state a claim.

C.   **Claims Related to Grievances**

Plaintiff alleges that certain defendants occupying administrative or supervisory positions failed to respond to his grievances about the September 10, 2007, incident or responded in an "unsatisfactory" manner.  But an allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.  See Graw v. Fantasky, 68 Fed.Appx. 378 (3d Cir. 2003); cf. Burnside v. Moser, 138 Fed.Appx. 414, 416 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process); Lewis v. Williams, 2006 WL 538546, at *7 (D. Del. 2006) (failure to investigate grievance does not raise a constitutional issue).

15

Compare Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)
(summary judgment properly granted to prison warden and state
commissioner of corrections, the only allegation against whom was
that they failed to respond to letters from prisoner complaining
of prison doctor's treatment decisions).

Plaintiff has failed to state a constitutional claim for
failure to investigate or respond satisfactorily to his
grievances.  This claim will be dismissed with prejudice.

**D.    Request for Injunctive Relief**

Plaintiff requests that this Court order injunctive relief
that he not be retaliated against.  The claim for injunctive
relief fails because Plaintiff fails to plead that he has
standing to pursue such a claim.  To set forth a viable claim in
federal court, a plaintiff must satisfy both the Article III
constitutional minimum of a "case or controversy" and any
prudential considerations set by the courts.  See Disabled
Patriots of Am. v. City of Trenton, 2008 WL 4416459, at *2-*3
(D.N.J. 2008).  To satisfy Article III standing, a plaintiff must
demonstrate (1) that he has suffered an injury in fact that is
(a) concrete and particularized, and (b) actual or imminent, not
conjectural or hypothetical; (2) a causal connection between the
injury and the conduct complained of, that the injury has to be
fairly traceable to the defendant's challenged action; and (3) it
must be likely as opposed to merely speculative, that the injury

16

will be redressed by a favorable decision.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof."  Id. at 561.

To obtain prospective injunctive relief, a plaintiff must demonstrate a "real and immediate threat" of future injury to satisfy the "injury in fact" requirement.  City of Los Angeles v. Lyons, 461 U.S. 95, 103-04 (1983).  "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."  Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987).

More than two years elapsed here between the September 10, 2007, incident and the filing of the Complaint.  Yet Plaintiff alleges no facts suggesting retaliatory behavior.  Plaintiff has failed to allege facts sufficient to satisfy the "injury in fact" requirement.  The request for injunctive relief will be denied.

**E.    Request for Appointment of Counsel**

Plaintiff has requested that this Court appoint counsel to represent him here.  He alleges that the issues are complex and that he is a "special needs" litigator, although he does not elaborate on his special needs.

Indigent persons raising civil rights claims have no absolute constitutional right to counsel.  Parham v. Johnson, 126

17

F.3d 454, 456-57 (3d Cir. 1997).  In determining whether to
appoint counsel, a court should consider several factors:

> As a preliminary matter, the plaintiff's claim must
> have some merit in fact and law. ... If the district
> court determines that the plaintiff's claim has some
> merit, then the district court should consider the
> following factors:
>
> > (1) the plaintiff's ability to present his or her
> own case;
> > (2) the complexity of the legal issues;
> > (3) the degree to which factual investigation will
> be necessary and the ability of the plaintiff to pursue
> such investigation;
> > (4) the amount a case is likely to turn on
> credibility determinations;
> > (5) whether the case will require the testimony of
> expert witnesses;
> > (6) whether the plaintiff can attain and afford
> counsel on his own behalf.
>
> [Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir.
> 1993), cert. denied, 510 U.S. 1196 (1994).]  This list
> of factors is not exhaustive, but instead should serve
> as a guide post for the district courts.
>
> Correspondingly, courts should exercise care in
> appointing counsel because volunteer lawyer time is a
> precious commodity and should not be wasted on
> frivolous cases.  Id. at 157.

Parham, 126 F.3d at 457-58.

In considering the first factor, courts should consider "the
plaintiff's education, literacy, prior work experience, and prior
litigation experience."  Tabron, 6 F.3d at 156.  Courts also
should consider whether the plaintiff has access to resources
such as a typewriter, photocopier, telephone, and computer.  Id.

"Where the legal issues are complex, it will probably serve
everyone involved if counsel is appointed."  Parham, 126 F.3d at

18

459 (citing Tabron, 6 F.3d at 156 and Maclin v. Freake, 650 F.2d
885, 889 (7th Cir. 1981) ("[W]here the law is not clear, it will
often best serve the ends of justice to have both sides of a
difficult legal issue presented by those trained in legal
analysis.")).

In considering a plaintiff's ability of to investigate the
facts, courts "should be aware that it may be difficult for
indigent plaintiffs to understand the complex discovery rules."
Parham, 126 F.3d at 460.  In considering the credibility factor,
"courts should determine whether the case was solely a swearing
contest."  Id.

The necessity of an expert witness "weighs heavily in favor
of appointment of counsel."  Id.  Finally, where other factors
weigh in favor of appointment of counsel, evidence that a
plaintiff has made extensive unsuccessful efforts to obtain
counsel weighs heavily in favor of appointment.  Id. at 461.

Analysis of these factors reveals that appointment of counsel
is not appropriate here.  As a preliminary matter, it does not
appear that Plaintiff has presented a claim with merit in fact
and in law.  To the extent that he must address the limitations
question, the issues are straightforward.  In any event, until it
is clear that Plaintiff has a claim that can proceed, appointment
of counsel would be premature.  Accordingly, the request for
appointment of counsel will be denied without prejudice.

19

## V.  CONCLUSION

For the reasons set forth above, all claims against Defendants Hayman, Sherrer, Ricci, Ortiz, and Boyd will be dismissed with prejudice.  The request for injunctive relief will be denied.  Plaintiff will be ordered to show cause why his claims against Defendants Sgt. Patterson and Officer Sahid, arising out of the events of September 10, 2007, should not be dismissed with prejudice as time-barred.  An appropriate order follows.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: June 24, 2010

20