**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CLARENCE WALLACE, | CIVIL ACTION NO. 09-5644 (MLC) |
| Plaintiff, | **O P I N I O N** |
| v. |  |
| GEORGE W. HAYMAN, et al., |  |
| Defendants. |  |

**THE PLAINTIFF** is a pro se prisoner.  The Court dismissed some of the plaintiff's claims on June 24, 2010 ("June 2010 Order"), and dismissed the plaintiff's remaining claims on September 17, 2010 ("September 2010 Order").  (See dkt. entry no. 7, 9-17-10 Order; dkt. entry no. 4, 6-24-10 Order; see also dkt. entry no. 3, 6-24-10 Op.)  The Court denied the plaintiff's motion for reconsideration on March 12, 2012 ("March 2012 Order").  (See dkt. entry no. 19, 3-12-12 Order.)

**THE PLAINTIFF** moved on August 19, 2012, for relief under Local Civil Rule 7.1(i) and Federal Rules of Civil Procedure ("Federal Rules") 60(a), 60(b)(4), 60(b)(6), and 60(d)(3) ("Motion").  (See dkt. entry no. 20, Mot.)[1]  The Motion will be denied.

---

[1] The Motion was entered on the docket on September 4, 2012. (See generally dkt. entry no. 20.)  But the plaintiff signed and dated the Motion on August 19, 2012, and thus the Court will deem the Motion to be filed as of that date.  (See dkt. entry no. 20, Notice of Mot. at 2; dkt. entry no. 20-1, "Motion For Relief From Orders, To Move On Reconsideration Nuc [sic] Pro Tunc" at 6.)  See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (discussing prisoner-mailbox rule), cert. denied, 132 S.Ct. 2430 (2012).

**LOCAL CIVIL RULE 7.1(i)**

The part of the Motion seeking relief under Local Civil Rule 7.1(i), which concerns motions for reconsideration, is barred. Whether the Court uses the June 2010 Order, the September 2010 Order, or the March 2012 Order as the benchmark, the plaintiff untimely filed the Motion. See L.Civ.R. 7.1(i) (stating motion to reconsider must be filed within 14 days after entry of order at issue). Also, insofar as the plaintiff seeks relief from the March 2012 Order, it is improper to move for reconsideration of an order denying a motion for reconsideration. See Dieffenbach v. Crago, No. 09-967, 2010 WL 5463290, at *1 (M.D. Pa. Dec. 22, 2010); Kot v. Hackett, No. 92-5120, 1993 WL 432436, at *1 (E.D. Pa. Oct. 20, 1993).

**FEDERAL RULE 60(a)**

Federal Rule 60(a) states that a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record". Fed.R.Civ.P. 60(a). The plaintiff does not allege any clerical errors as a basis for the Motion, and thus the Court will deny the part of the Motion seeking relief under Federal Rule 60(a) as being without merit. See Bierley v. Shimek, 153 Fed.Appx. 87, 88 n.1 (3d Cir. 2005); Pfizer Inc. v. Uprichard, 422 F.3d 124, 129-30 (3d Cir. 2005).

**FEDERAL RULE 60(d)(3)**

Federal Rule 60(d)(3) concerns a court's power to set aside a judgment for fraud on the court. Fed.R.Civ.P. 60(d)(3). The plaintiff has not alleged any intentionally fraudulent conduct by an officer of the court that has been directed toward the Court, and thus the part of the Motion seeking relief under Federal Rule 60(d)(3) will be denied as being without merit. See Reardon v. Leason, 465 Fed.Appx. 208, 210 (3d Cir.), cert. denied, 132 S.Ct. 2442 (2012).

**FEDERAL RULES 60(b)(4) AND 60(b)(6)**

Federal Rules 60(b)(4) and 60(b)(6) authorize a court to relieve a party from a final judgment, order, or proceeding if a judgment is void or for any other reason that justifies relief. Fed.R.Civ.P. 60(b). The part of the Motion seeking relief under Federal Rules 60(b)(4) and 60(b)6) will be denied as being without merit.

The plaintiff argues that he is entitled to relief from a prior state court judgment, but this Court is not authorized to award such relief under Federal Rules 60(b)(4) and 60(b)(6). See Reardon v. Leason, 408 Fed.Appx. 551, 553 (3d Cir. 2010), cert. denied, 132 S.Ct. 102 (2011).[2]

---

  [2] The plaintiff appears to make such an argument in the brief upon the Motion. (See "Motion For Relief From Orders, To Move On Reconsideration Nuc [sic] Pro Tunc" at 3 (referring to a "state judgment").)

The plaintiff argues that this Court should reinstate the Complaint, but such relief is not contemplated under Federal Rules 60(b)(4) and 60(b)(6).  Reardon, 408 Fed.Appx. at 553; see Azubuko v. Bunker Hill Cmty. Coll., 442 Fed.Appx. 643, 645 (3d Cir. 2011) (affirming district court order denying relief under Federal Rule 60(b)(4), as plaintiff did not argue that court lacked jurisdiction over the complaint or acted without legal authority, and plaintiff merely "wished to proceed with his action in the District Court and claim[ed] that the Court committed legal error in dismissing his complaint").

The plaintiff argues that the Court should excuse his failure to properly proceed pursuant to the extraordinary-circumstances standard for relief under Federal Rule 60(b)(6), as he is an incarcerated pro se litigant who is unfamiliar with court procedure.  However, the plaintiff was able to institute this action and engage in motion practice while incarcerated.  See Pabon v. Lemaster, 408 Fed.Appx. 508, 509 (3d Cir. 2010) (stating movant's claim that he was hampered by language difficulties did not meet extraordinary-circumstances standard, as he was able to file seven motions in the litigation and thus showed that he was capable of filing legal documents).  Indeed, the plaintiff was able to institute a new action after this one.  See Wallace v. Warren, D.N.J. No. 12-972.

4

The request for relief under Federal Rule 60(b)(6) from the June 2010 Order and the September 2010 Order also was not made within a reasonable time.  See United States ex rel. Pritsker v. Sodexho, Inc., No. 11-3929, 2012 WL 2948193, at *3 (3d Cir. July 20, 2012) (stating district court properly denied motion under Federal Rule 60(b)(6) because motion was filed two years after district court dismissed the claims at issue).

## CONCLUSION

The Motion will be denied in its entirety.  The Court will issue an appropriate order and judgment.

      s/ Mary L. Cooper      
**MARY L. COOPER**
United States District Judge

**Dated:**  September 7, 2012

5